V. James DeSimone (SBN: 119668)
vjdesimone@vjdlaw.com
Carmen D. Sabater (SBN 303546)
csabater@vjdlaw.com
Emma Lingel-Gary (SBN: 352654)
elingel-gary@vjdlaw.com
**V. JAMES DESIMONE LAW**
4052 Del Rey Avenue, Unit 102
Marina del Rey, California 90292
Telephone: 310.693.5561
Facsimile: 323.544.6880
Email: VJD000175@vjdlaw.com

Attorneys for Plaintiff,
ERADIO HERNANDEZ, a disabled adult,
By and through his Guardian ad litem
CLARISSA ELIZABETH HERNANDEZ,

V. JAMES DESIMONE LAW
4052 DEL REY AVE, UNIT 102
MARINA DEL REY, CALIFORNIA 90292

**UNITED STATES DISTRICT COURT**
**CENTRAL DISTRICT OF CALIFORNIA**

ERADIO HERNANDEZ, a disabled adult, by and through his Guardian ad litem CLARISSA ELIZABETH HERNANDEZ,

Plaintiff,

v.

CITY OF MONTCLAIR; CHIEF OF POLICE JASON REED, in his official capacity; POLICE OFFICER JESSE JAMES , in his individual and official capacity; POLICE OFFICER ALMA HERNANDEZ in her individual and official capacity; and DOES 1-10, inclusive,

Defendants.

Case No.: 5:26-cv-00149-JGB-BFM

**PLAINTIFF'S FIRST AMENDED COMPLAINT FOR DAMAGES:**

1. **Fourth Amendment Violation - Excessive Force (42 U.S.C. § 1983)**
2. **Municipal Liability for Unconstitutional Custom, Practice, or Policy (42 U.S.C. § 1983)**
3. **False Arrest/False Imprisonment**
4. **Assault and Battery**
5. **Negligence**
6. **Violation of Bane Civil Rights Act (Civil Code § 52.1)**
7. **Intentional Infliction of Emotional Distress**

**DEMAND FOR JURY TRIAL**

V. JAMES DESIMONE LAW
4052 DEL REY AVE, UNIT 102
MARINA DEL REY, CALIFORNIA 90292

Plaintiff ERADIO HERNANDEZ, a disabled adult, through his Guardian ad litem CLARISSA ELIZABETH HERNANDEZ, respectfully submits this Complaint for Damages and Demand for a Jury Trial and alleges as follows:

## CASE OVERVIEW

This civil rights action seeks compensatory damages and punitive damages, where recoverable under the law, from DEFENDANTS for violating various rights under federal law in connection with the unjustified seizure, excessive use of force against, and assault and battery of Mr. Eradio Hernandez (hereinafter "PLAINTIFF"), a 37 year old disabled adult with learning disabilities, by the named Defendant Officers— Officer Jesse James (herrinafter "DEFENDANT JAMES" or "JAMES") and Officer Alma Hernandez hereinafter "DEFENDANT HERNANDEZ" or "A. HERNANDEZ") ("sometimes collectively referred to as "DEFENDANT OFFICERS") of the Montclair Police Department (hereinafter "MPD") by and through the City of Montclair (hereinafter "CITY").

On or around December 3, 2024, in the late afternoon/early evening, two MPD officers— DEFENDANT JAMES and DEFENDANT A. HERNANDEZ unjustifiably battered and tazed PLAINTIFF who was unarmed, not aggressive, and attempting to communicate to the officers. PLAINTIFF was riding his bicycle with a front bike light on his handlebars when he was stopped by MPD DEFENDANT JAMES for allegedly not having a bike light on the back of his bike—an offense that does not even rise to the level of a misdemeanor. Despite PLAINTIFF compliantly acknowledging not having a rear taillight, DEFENDANT JAMES detained PLAINTIFF. without telling him why he was being detained. DEFENDANT JAMES then escalated the incident by , aggressively grabbing PLAINTIFF by the arm, yanking him off his bike, then slamming him to the ground, and forcibly moving him into a sitting position on the curb. PLAINTIFF, confused—in pain and shock, asked repeatedly why he was being detained and what OFFICER JAMES was doing.. DEFENDANT JAMES, without giving a reason for

V. JAMES DESIMONE LAW
4052 DEL REY AVE, UNIT 102
MARINA DEL REY, CALIFORNIA 90292

the detention,PLAINTIFF or warnings he was going to use excessive force, brutually punched PLAINTIFF in the head, causing his head to slam into the concrete curb.

As PLAINTIFF, disoriented and terrified for his life, tried to get up while crying out in pain from his head injury, DEFENDANT A. HERNANDEZ arrived and instead of attempting to de-escalate the situation—tased PLAINTIFF, causing him to fall to the ground. Further, as PLAINTIFF was on the ground not resisiting, punching or kicking the DEFENDANT OFFICERS, and crying out in pain while laying on his stomachwith DEFENDANT JAMES on his back, DEFENDANT A. HERNANDEZ tased him a second timecausing PLAINTIFF excruciating pain.

The injuries inflicted by DEFENDANT OFFICERS and ratified by Chief Jason Reed (hereinafter "DEFENDANT REED" or "REED"), MPD, and the CITY resulted in serious and lasting medical complications, including intracranial hemorrhage, subarachnoid hemorrhage, subdural hematoma, skull fracture, concussion, forehead contusion, taser injuries to his back, and tachycardia. PLAINTIFF continues to suffer from physical pain, dizziness, headaches, short-term memory loss, bedwetting and other symptoms of traumatic brain injury. Additionally, after the violent assault, PLAINTIFF began to have seizures and approximately three months after the incident PLAINTIFF suffered a seizure and he fell shattering his right elbow —causing serious injures reulting in surgery where surgeons put in a metal plate his elbow. To date, PLAINTIFF continues to have seizures, suffers from pain, numbness, tingling and signicifant loss of strength in his right arm. Due to DEFENDANT OFFICERS' actions, PLAINTIFF's life is extremely compromised and in a vulnerable state, both physically and psychologically.

///

///

///

V. JAMES DESIMONE LAW
4052 DEL REY AVE, UNIT 102
MARINA DEL REY, CALIFORNIA 90292

The CITY has been sued over officers battering and tazing individuals- and excessive use of force. Nevertheless, with its internal investigation finding the DEFENDANT OFFICERS' actions to be in compliance, the CITY remains unwilling to accept responsibility for the violative conduct of its officers. It continues to egregiously infringe upon its citizens' rights by failing to adjust its fundamentally unconstitutional policies and practices to prevent such incidents from recurring.

Upon information and belief, DEFENDANT REED has failed to impose adequate discipline on his officers, who committed myriad search and seizure and due process violations, perpetuating a culture of impunity within the MPD that encourages constitutional rights violations against the public. The policies and customs undergirding the unwarranted excessive force—such as battering and tasing of civilians such as PLAINTIFF are fundamentally and patently unconstitutional and represent a menace of major proportions to the public.

The City of Montclair, by summarily rejecting PLAINTIFF's claim for damages, has proved unwilling to accept responsibility for the wrongs committed by its Officers. The CITY maintains, condones, and permits policies, customs, and practices that demonstrate conscious disregard of and reckless indifference to the constitutional rights of civilians. Accordingly, insofar as PLAINTIFF herein seeks to hold to account those responsible for the unlawful assault and to challenge the CITY's rights-effacing policies, this civil rights action is firmly in the public interest.

///

///

///

V. JAMES DESIMONE LAW
4052 DEL REY AVE, UNIT 102
MARINA DEL REY, CALIFORNIA 90292

## JURISDICTION

1. Jurisdiction of this Court is invoked under 28 U.S.C. §§'s 1331 and 1343. This action at law for money damages arises under 42 U.S.C. § 1983, the United States Constitution, and common law principles to redress a deprivation under color of state law of rights, privileges and immunities secured to PLAINTIFF by said statutes, and by the Fourth and Fourteenth Amendments of the United States Constitution. This Court has jurisdiction to issue declaratory or injunctive relief pursuant to 28 U.S.C. §§ 2201 and 2202 and Federal Rule of Civil Procedure 57.

2. Venue is proper in the  Central District of California pursuant to 28 U.S.C. § 1391, as all DEFENDANTS and the events giving rise to the claims herein occurred in the Central District of California. The incident complained of occurred in Montclair, California. On or around December 3, 2024, at approximately 6:00 p.m., PLAINTIFF was assaulted, battered, and tased by DEFENDANT OFFICERS—JAMES and A. HERNANDEZ in the vicinity of 4900 Holt Boulevard, Montclair, California 91763.

## PARTIES

3. At all relevant times herein mentioned, PLAINTIFF was a resident of the State of California.

4. At all relevant times, DEFENDANT JAMES, Badge #434, and DEFENDANT. A. HERNANDEZ, Badge #443 (sometimes collectively referred to as "DEFENDANT OFFICERS"), and DOES 1-10 were residents of San Bernardino County and duly authorized employees and agents of the CITY who were acting under color of law within the course and scope of their respective duties as CITY police officers and with the complete authority and ratification of their principal, Defendant CITY.

5. Defendant CITY is and was a duly organized public entity, form unknown, existing as such under the laws of the State of California. At all relevant times, CITY was the employer of DEFENDANT OFFICERS and DOES 1-10, who

V. JAMES DESIMONE LAW
4052 DEL REY AVE, UNIT 102
MARINA DEL REY, CALIFORNIA 90292

were CITY police officers, and managerial, supervisorial, and policymaking employees of the MPD. They are sued in their individual capacity for damages only.

6. At all relevant times, DEFENDANTS JAMES, A. HERNANDEZ, and DOES 1-10 were duly appointed CITY police officers and/or employees or agents of the CITY, subject to oversight and supervision by CITY's elected and non-elected officials.

7. In doing the acts and failing and omitting to act as hereinafter described, DEFENDANTS JAMES, A. HERNANDEZ, and DOES 1-10 were acting on the implied and actual permission and consent of CITY.

8. DEFENDANTS JAMES and A. HERNANDEZ were, at all relevant times, the Police Officers who assaulted, battered, and tased PLAINTIFF and were employed by the City of Montclair. Defendants DOES 1-10 were each duly appointed qualified and acting ranking officers, officials and employees of the Montclair Police Department and Defendant CITY, also charged by law with the supervision, management, control, operation and administration of the MPD and with the responsibility, control, supervision, training, employment, assignment, discipline and removal of peace officers of the MPD and CITY. Each said Defendant was acting within the course and scope of their said employment and under the color of state law, and as the employee, agent and representative of each other Defendant.

9. PLAINTIFF is informed and believes and thereon alleges that each of the Defendants designated as a DOE is intentionally and negligently responsible in some manner for the events and happenings herein referred to, and thereby proximately caused injuries and damages as herein alleged. The true names and capacities of DOES 1 through 10, inclusive, and each of them, are not now known to PLAINTIFF who therefore sues said Defendants by such fictitious names, and PLAINTIFF will seek leave to amend this complaint to show their true names and capacities when the same have been ascertained.

V. JAMES DESIMONE LAW
4052 DEL REY AVE, UNIT 102
MARINA DEL REY, CALIFORNIA 90292

10. DEFENDANT REED is, and was, at all times relevant to this action, the MPD police chief and a policymaker for his department. He is sued in his official capacity and is believed to be a resident of San Bernardino County.

11. All other DEFENDANTS who are natural persons, including DOES 1-10, are sued individually and/or in his/her official capacity as officers, sergeants, captains, commanders, supervisors, and/or civilian employees, agents, policy makers, and representatives for the CITY of Montclair.

12. At all times mentioned herein, each and every Defendant was the agent of each and every other Defendant and had the legal duty to oversee and supervise the hiring, conduct, and employment of each and every Defendant.

## FACTS COMMON TO ALL CAUSES OF ACTION

13. On or around December 3, 2024, in the late afternoon/early evening, PLAINTIFF Eradio Hernandez was riding his bicycle on the side of the road in Montclair, California. PLAINTIFF's bicycle was equipped with a front bike light on the handlebars.

14. At approximately 6:00 p.m., near 4900 Holt Boulevard, Montclair, CA 91763, DEFENDANT JAMES stopped PLAINTIFF. DEFENDANT JAMES informed PLAINTIFF that he should have another light on the back of his bike, an offense that does not even rise to the level of a misdemeanor.

15. PLAINTIFF acknowledged what OFFICER JAMES said and asked if he had done anything wrong. DEFENDANT JAMES detained PLAINTIFF without telling him why he was being detained. DEFENDANT JAMES then escalated the incident by aggressively grabbing PLAINTIFF, by the arm.

16. DEFENDANT JAMES then yanked PLAINTIFF off his bike, slammed him down to the ground causing PLAINTIFF pain throughout his body, and then forcibly moved him into a sitting position on the curb.

///

///

V. JAMES DESIMONE LAW
4052 DEL REY AVE, UNIT 102
MARINA DEL REY, CALIFORNIA 90292

17. PLAINTIFF, confused and shocked at DEFENDANT JAMES' unwarranted, combative conduct towards him repeatedly asked DEFENDANT JAMES why he was being detained and what OFFICER JAMES was doing. DEFENDANT JAMES, without giving a reason for the detention or warnings he was going to use excessive force, brutally punched PLAINTIFF in the head, causing his head to slam into the concrete curb.

18. As DEFENDANT JAMES was brutally assaulting PLAINTIFF, PLAINTIFF, disoriented and terrified for his life, tried to get up and was crying out in pain from his head injury.

19. As this barbaric attack was going on, DEFENDANT A. HERNANDEZ arrived and— instead of attempting to de-escalate the situation — tased PLAINTIFF, causing him to fall to the ground.

20. As PLAINTIFF was on the ground not resisting, punching or kicking the DEFENDANT OFFICERS, and crying out in pain while laying on his stomach with DEFENDANT JAMES on his back, DEFENDANT A. HERNANDEZ without any commands or warnings, tased him a second time causing PLAINTIFF to cry out in excruciating pain.

21. After this brutal assault, PLAINTIFF was taken by ambulance to the Inland Empire Montclair Hospital Medical Center emergency department, arriving at approximately 6:33 p.m. PLAINTIFF remained in police custody during his medical treatment.

22. At the hospital, medical personnel observed that PLAINTIFF had taser prongs still in his back, had left-sided head pain, left eyelid swelling, and a forehead contusion. PLAINTIFF was tachycardic with a heart rate of 120 beats per minute. PLAINTIFF was in severe pain and distress.

23. PLAINTIFF was too agitated and in pain to complete a CT scan of his head during his initial emergency department visit. The taser prongs were removed from his back. PLAINTIFF was given intramuscular injections of Ativan and

V. JAMES DESIMONE LAW
4052 DEL REY AVE, UNIT 102
MARINA DEL REY, CALIFORNIA 90292

Toradol for pain and agitation.

24. PLAINTIFF was diagnosed with agitation and forehead contusion and was medically cleared and released to police custody.

25. PLAINTIFF returned to the emergency department on December 18, 2024, complaining of persistent headache, dizziness, seizures and lightheadedness for two weeks following the assault. PLAINTIFF reported that he continued to have headaches, woke up feeling lightheaded, and experienced short-term memory loss. PLAINTIFF's mother also noticed short-term memory loss.

26. Concerned for his head injury, PLAINTIFF underwent a CT scan at Kaiser Fontana on December 10, 2024, which was reviewed during his December 18, 2024 emergency department visit. PLAINTIFF was diagnosed with a concussion resulting from the head injury sustained during the assault.

27. Additionally, as a result of the violent assault by DEFENDANT OFFICERS, PLAINTIFF suffered serious physical injuries, including intracranial hemorrhage, subarachnoid hemorrhage, subdural hematoma, skull fracture, concussion, forehead contusion, taser prong injuries to his back, tachycardia, dizziness, confusion, disorientation, seizures, and contusion headaches.

28. PLAINTIFF continues to suffer from ongoing physical pain in his body, seizures, dizziness, headaches, short-term memory loss, bedwetting and other symptoms of traumatic brain injury.

29. Psychologically and emotionally, PLAINTIFF has suffered enormously after the incident giving rise to this action, including but not limited to, shock, trauma, fear, anxiety, and exacerbation of mental health issues.

30. On May 29, 2025, PLAINTIFF timely filed a government tort claim with the City of Montclair pursuant to applicable sections of the California Government Code. On June 2, 2025, the City of Montclair received the claim. PLAINTIFF's claim was rejected by the City of Montclair on July 24, 2025.

///

V. JAMES DESIMONE LAW
4052 DEL REY AVE, UNIT 102
MARINA DEL REY, CALIFORNIA 90292

## FIRST CAUSE OF ACTION

**Fourth Amendment to the U.S. Constitution (42 U.S.C. § 1983) - Unreasonable Seizure, Excessive Force**

**(Against All Defendants)**

31. PLAINTIFF re-alleges the information set forth in the preceding paragraphs and incorporates it into this cause of action as if it were fully alleged herein.

32. This cause of action is asserted against ALL DEFENDANTS.

33. Under the Fourth Amendment to the U.S. Constitution, PLAINTIFF has the right to be free from unreasonable seizure of his person, including the excessive and unreasonable use of force against him by law enforcement officials acting under color of law during their performance of a search or seizure.

34. DEFENDANT OFFICERS and DOES OFFICERS' unreasonable use of force against PLAINTIFF, including but not limited to, grabbing him without issuing commands or any warning, yanking him off his bicycle, slamming him to the ground, punching him repeatedly in the head, causing his head to slam into a concrete curb, and tasing him twice, deprived PLAINTIFF of his right to be secure in his person against excessive use of force as guaranteed to PLAINTIFF under the Fourth Amendment to the United States Constitution.

35. PLAINTIFF was riding his bicycle lawfully with a front bike light when he was stopped by DEFENDANT JAMES for a de minimis alleged violation—not having a bike light on the back of his bike. This alleged violation does not even rise to the level of a misdemeanor.

36. Despite PLAINTIFF's questions about why he was being detained and asking DEFENDANT JAMES what he was doing, and despite PLAINTIFF's lack of resistance or aggression, DEFENDANT JAMES responded with extreme violence: and brutally punched PLAINTIFF in the head with such force that it caused his head to slam into a concrete curb.

V. JAMES DESIMONE LAW
4052 DEL REY AVE, UNIT 102
MARINA DEL REY, CALIFORNIA 90292

37. DEFENDANT A. HERNANDEZ then escalated the violence by tasing PLAINTIFF. Then, after PLAINTIFF was laying face down with DEFENDANT JAMES on his back crying out in pain on the ground —not resisting, punching or kicking the DEFENDANT OFFICERS, DEFENDANT A. HERNANDEZ without any commands or warnings tased him a second time casuing PLAINTIFF to scream out in pain.

38. PLAINTIFF posed no immediate threat of death or serious bodily injury to the officers or others. PLAINTIFF was not armed, was not acting aggressively, and was not attempting to flee. Rather, PLAINTIFF was attempting to understand why he was being detained and was compliant to the extent he was able given the violent assault being perpetrated against him.

39. The force used by DEFENDANT OFFICERS was objectively unreasonable under the circumstances and would not appear necessary to a reasonable officer.

40. DEFENDANTS' conduct, described above, resulted in the inhumane, malicious, and torturous assault and seizure of PLAINTIFF and violated PLAINTIFF's rights to be free from unreasonable seizure and the use of excessive force under the Fourth Amendment to the United States Constitution.

41. The alleged offense for which PLAINTIFF was initially stopped—not having a bike light on the back of his bike—was de minimis when compared to the grave injuries and ongoing trauma PLAINTIFF suffered at the hands of DEFENDANT OFFICERS. No reasonable officer could have concluded under the circumstances that such a minor alleged infraction justified the brutal assault that followed.

42. These methods were not reasonable under the circumstances because PLAINTIFF had not committed any serious offense, he was attempting to comply with DEFENDANT OFFICERS' directives to the best of his ability, and he posed no threat to the officers or others.

43. DEFENDANTS' aforementioned acts proximately caused and resulted in the inhumane, malicious, and torturous assault and seizure of PLAINTIFF and violated PLAINTIFF's rights to be secure in his person against unreasonable seizure and excessive force, guaranteed by the Fourth Amendment to the United States Constitution.

44. DEFENDANTS JAMES, and A. HERNANDEZ, and DEFENDANT DOE OFFICERS assaulted, battered, and tased PLAINTIFF's person. These DEFENDANTS proximately caused and are liable for PLAINTIFF's injuries, either because they were integral participants in the misconduct or because they failed to intervene.

45. On information and belief, DEFENDANT OFFICERS and DEFENDANT DOES were not disciplined, reprimanded, retrained, suspended, or otherwise penalized in connection with PLAINTIFF's injuries.

46. DOE SUPERVISORS are liable for their direct actions as supervisors in giving orders concerning the assault and seizure of PLAINTIFF, which caused the deprivation of PLAINTIFF's constitutional rights.

47. DEFENDANT CITY and DEFENDANT REED supervised and ratified DEFENDANT OFFICERS' and DEFENDANT DOES' unreasonable, intentional, and rights-effacing seizure and use of excessive force against PLAINTIFF.

48. As set forth more fully in PLAINTIFF's THIRD CAUSE OF ACTION, DEFENDANT CITY and DEFENDANT REED are liable pursuant to *Monell v. Department of Social Services*, 436 U.S. 658 (1978) by maintaining, condoning and/or permitting rights-infringing policies and practices demonstrative of conscious disregard of and reckless indifference to the Constitutional rights of civilians, as well as failing to properly and adequately train its officers on how to investigate and assess situations without employing excessive use of force that infringes on citizens' Constitutional rights.

V. JAMES DESIMONE LAW
4052 DEL REY AVE, UNIT 102
MARINA DEL REY, CALIFORNIA 90292

V. JAMES DESIMONE LAW
4052 DEL REY AVE, UNIT 102
MARINA DEL REY, CALIFORNIA 90292

49. Additionally, Defendant CITY ratified the actions of its employees by failing to discipline the officers and employees who were involved.

50. On information and belief, the CITY and DEFENDANT REED failed to properly and adequately train DEFENDANT OFFICERS and DEFENDANT DOES 1-10, including but not limited to, in practices related to the use of physical force, arrests, and detention.

51. The training policies of DEFENDANT CITY and DEFENDANT REED were not adequate to train its officers to handle the usual and recurring situations with which they must deal, including the use of force while arresting and detaining civilians.

52. DEFENDANT CITY and DEFENDANT REED was deliberately indifferent to the obvious consequences of its failure to train its officers adequately.

53. The failure of DEFENDANT CITY and DEFENDANT REED to provide adequate training caused the deprivation of PLAINTIFF's rights by DEFENDANT OFFICERS and DEFENDANT DOES 1-10; that is DEFENDANT CITY and DEFENDANT REED 's failure to train is so closely related to the deprivation of PLAINTIFF's rights as to be the moving force that caused the ultimate injury.

54. As a direct and legal result of DEFENDANTS' acts and omissions, PLAINTIFF suffered damages, including physical and emotional pain and suffering, including but not limited to extreme pain and impairment, recurring and severe health issues stemming from the assault and head injuries, intracranial hemorrhage, subarachnoid hemorrhage, subdural hematoma, skull fracture, concussion, ongoing headaches, dizziness, short-term memory loss, anxiety, depression, seizures and trauma.

55. PLAINTIFF is informed and believes and thereon alleges that the acts of the individual DEFENDANT OFFICERS and DOES 1-10 were willful, malicious, intentional, reckless and/or were performed in willful and conscious

V. JAMES DESIMONE LAW
4052 DEL REY AVE, UNIT 102
MARINA DEL REY, CALIFORNIA 90292

disregard for the rights and safety of PLAINTIFF and, therefore, justify the imposition of punitive and exemplary damages against the individual DEFENDANTS in an amount to be determined at the time of trial.

56. PLAINTIFF seeks attorney fees under this claim pursuant to 42 U.S.C. § 1988.

## SECOND CAUSE OF ACTION

**Municipal Liability for Unconstitutional Custom or Policy (42 U.S.C. § 1983)**

**(Against Defendants City, Reed and Does 1-10)**

57. PLAINTIFF re-alleges the information set forth in the preceding paragraphs and incorporates it into this cause of action as if it were fully alleged herein.

58. This cause of action is asserted against Defendants CITY, REED and DOES 1-10.

59. Based upon the principles set forth in *Monell v. New York City Department of Social Services*, 436 U.S. 658 (1978), on and for some time prior to December 3, 2024 (and continuing to the present date), Defendants CITY, REED and DOES 1-10, acting with gross negligence and with reckless and deliberate indifference to the rights and liberties of the public in general, and of PLAINTIFF, and of persons in his class, situation and comparable position in particular, knowingly maintained, enforced and applied an official recognized custom, policy, and practice of:

a. Failing to provide adequate training and supervision to police officers with respect to constitutional limits on the use of excessive force;

b. Employing and retaining as police officers and other personnel, individuals, including DEFENDANT OFFICERS JAMES and A. HERNANDEZ and DOE OFFICERS, whom Defendants CITY, REED and DOES 1-10 at all times material herein knew or

reasonably should have known had dangerous propensities for abusing their authority and for mistreating citizens by failing to follow written MPD policies, including through the use of excessive force;

c. Inadequately supervising, training, controlling, assigning, and disciplining CITY OFFICERS and other personnel, including DEFENDANT OFFICERS JAMES and. A. HERNANDEZ, and DOE OFFICERS, whom Defendants CITY, REED and DOES 1-10 knew or in the exercise of reasonable care should have known had the aforementioned propensities and character traits, including the propensity for violence and the use of excessive force;

d. Maintaining grossly inadequate procedures for reporting, supervising, investigating, reviewing, disciplining and controlling the intentional misconduct by DEFENDANT OFFICERS JAMES, A. HERNANDEZ, and DOE OFFICERS, who are Officers and/or agents of CITY;

e. Failing to meaningfully investigate and adequately discipline CITY OFFICERS and/or agents' conduct, including but not limited to, unlawful assault and excessive force;

f. Ratifying the intentional misconduct of DEFENDANT OFFICERS and DOE OFFICERS and other agents, who are officers and/or agents of CITY;

g. Having and maintaining an unconstitutional policy, custom, and practice of assaulting individuals without probable cause or reasonable suspicion, and using excessive force, which also is demonstrated by inadequate training regarding these subjects. The policies, customs, and practices of Defendants CITY, REED and DOES 1-10 were maintained with a deliberate indifference to

V. JAMES DESIMONE LAW
4052 DEL REY AVE, UNIT 102
MARINA DEL REY, CALIFORNIA 90292

individuals' safety and rights; and,

h. Condoning and encouraging CITY officers in the belief that they can violate the rights of persons such as PLAINTIFF with impunity, and that such conduct will not adversely affect their opportunities for promotion and other employment benefits.

60. By reason of the aforementioned policies and practices of Defendants CITY, REED and DOES 1-10, PLAINTIFF was severely injured and subjected to pain and suffering.

61. Defendants CITY, REED and DOES 1-10, together with various other officials, whether named or unnamed, had either actual or constructive knowledge of the deficient policies, practices and customs alleged in the paragraphs above. Despite having knowledge as stated above, these Defendants condoned, tolerated and through actions and inactions thereby ratified such policies. Said Defendants also acted with deliberate indifference to the foreseeable effects and consequences of these policies with respect to the constitutional rights of PLAINTIFF and other individuals similarly situated.

62. By perpetrating, sanctioning, tolerating and ratifying the outrageous conduct and other wrongful acts, Defendant DOES 1-10 acted with intentional, reckless, and callous disregard for PLAINTIFF's constitutional rights. Furthermore, the policies, practices, and customs implemented, maintained, and still tolerated by Defendants CITY, REED and DOES 1-10 were affirmatively linked to and were a significantly influential and moving force behind the injuries of PLAINTIFF.

63. By reason of the aforementioned acts and omissions of Defendants CITY, REED and DOES 1-10, PLAINTIFF has suffered damages, including physical and emotional pain and damages, in an amount to be determined at trial.

64. Accordingly, Defendants CITY, REED and DOES 1-10 each are liable to PLAINTIFF for compensatory damages under 42 U.S.C. § 1983.

65. PLAINTIFF also seeks reasonable attorney fees under this claim.

V. JAMES DESIMONE LAW
4052 DEL REY AVE, UNIT 102
MARINA DEL REY, CALIFORNIA 90292

V. JAMES DESIMONE LAW
4052 DEL REY AVE, UNIT 102
MARINA DEL REY, CALIFORNIA 90292

**<u>THIRD CAUSE OF ACTION</u>**

**False Arrest/False Imprisonment**

**(Against City of Montclair, Reed, Defendants James, A. Hernandez and Does 1-10)**

66. PLAINTIFF re-alleges the information set forth in the preceding paragraphs and incorporates it into this cause of action as if it were fully alleged herein.

67. DEFENDANT OFFICERS JAMES, A. HERNANDEZ and DOES 1-10, while working as police officers for the CITY OF MONTCLAIR and acting within the course and scope of their duties, intentionally deprived PLAINTIFF of his freedom of movement by use of force, including threats of force, menace, fraud, deceit, and unreasonable duress.

68. DEFENDANT OFFICERS JAMES, A. HERNANDEZ and DOES 1-10 detained and arrested PLAINTIFF. Said detention and arrest was made without reasonable suspicion and conducted without probable cause.

69. PLAINTIFF did not knowingly or voluntarily consent to his detention or arrest.

70. The conduct of DEFENDANT OFFICERS JAMES, A. A. HERNANDEZ and DOES 1-10 was a substantial factor in causing harm to PLAINTIFF.

71. DEFENDANT CITY OF MONTCLAIR and REED are vicariously liable for the wrongful acts of DEFENDANT OFFICERS JAMES, A. HERNANDEZ and DOES 1-10 pursuant to § 815.2(a) of the California Government Code, which provides that a public entity is liable for the injuries caused by its employees within the scope of the employment if the employee's act would subject him or her to liability.

///

///

72. The conduct of DEFENDANT OFFICERS JAMES, A. HERNANDEZ and DOES 1-10 was malicious, wanton, oppressive, and accomplished with a conscious disregard for the rights of PLAINTIFF, entitling PLAINTIFF to an award of exemplary and punitive damages.

73. PLAINTIFF was detained and arrested without reasonable suspicion or probable cause. At the time of his detention and arrest by DEFENDANT OFFICERS JAMES, A. HERNANDEZ and DOES 1-10, PLAINTIFF was simply riding his bicycle with a front bike light, was unarmed, and had committed no crime warranting the brutal assault and detention that followed.

74. The alleged violation cited by DEFENDANT JAMES—not having a rear bike light—is a minor equipment violation that does not even rise to the level of a misdemeanor and does not provide lawful justification for the violent seizure, assault, and prolonged detention that PLAINTIFF endured.

75. PLAINTIFF is seeking all damages under this claim.

**<u>FOURTH CAUSE OF ACTION</u>**

**Assault and Battery (Gov. Code § 820 and California Common Law)**

**(Against City of Montclair, James, A. Hernandez and Does 1-10)**

76. PLAINTIFF re-alleges the information set forth in the preceding paragraphs and incorporates it into this cause of action as if it were fully alleged herein.

77. DEFENDANT OFFICERS JAMES, A. HERNANDEZ and DOES 1-10, while working as police officers for the CITY OF MONTCLAIR Police Department and acting within the course and scope of their duties, wrongfully, unlawfully, intentionally, and violently touched, battered, punched, slammed, and tased PLAINTIFF, causing him to sustain serious and life-threatening injuries.

78. DEFENDANT OFFICERS JAMES, A. HERNANDEZ and DOES 1-10 had no legal justification for their actions, and their use of force against PLAINTIFF, including the unjustified attack, assault, violently punching



V. JAMES DESIMONE LAW
4052 DEL REY AVE, UNIT 102
MARINA DEL REY, CALIFORNIA 90292

V. JAMES DESIMONE LAW
4052 DEL REY AVE, UNIT 102
MARINA DEL REY, CALIFORNIA 90292

PLAINTIFF's head causing it to slam into a concrete curb, tasing him twice (including once after he was already on the ground and restrained), and detention, while carrying out their duty as police officers and as CITY employees, was an unreasonable use of force.

79. DEFENDANT OFFICERS JAMES, A. HERNANDEZ and DOES 1-10 also intentionally used unreasonable force against PLAINTIFF, including, but not limited to: grabbing PLAINTIFF; yanking him off his bicycle; slamming him to the ground; forcibly moving him into a sitting position on a curb; punching him in the head; causing his head to slam into a concrete curb; tasing him while he was attempting to stand; and tasing him a second time after he was already on the ground and restrained, when he posed no threat to the officers or anyone else.

80. As a direct and proximate result of DEFENDANTS' conduct as alleged above, PLAINTIFF was caused to suffer severe pain and suffering, including intracranial hemorrhage, subarachnoid hemorrhage, subdural hematoma, skull fracture, concussion, forehead contusion, taser injuries to his back, tachycardia, ongoing headaches, dizziness, short-term memory loss, seizures and traumatic brain injury.

81. DEFENDANT CITY OF MONTCLAIR and REED are vicariously liable for DEFENDANT OFFICERS JAMES, A. HERNANDEZ and DOES 1-10's wrongful acts pursuant to § 815.2(a) of the California Government Code, which provides that a public entity is liable for the injuries caused by its employees within the scope of the employment if the employee's act would subject him or her to liability.

82. PLAINTIFF is informed and believes and thereon alleges that DEFENDANTS' conduct was malicious, wanton, oppressive, and accomplished with a conscious disregard for the rights of PLAINTIFF, entitling PLAINTIFF to an award of exemplary and punitive damages in an amount to be determined at time of trial.

83. As a result of their conduct, DEFENDANTS are liable for PLAINTIFF's injuries, either because they were integral participants in the assault and battery, or because they failed to intervene to prevent these violations, or under the doctrine of respondeat superior.

84. PLAINTIFF is seeking all damages under this claim.

**FIFTH CAUSE OF ACTION**

**Negligence (Gov. Code § 820 and California Common Law)**

**(Against City of Montclair, Reed, James, A. Hernandez and Does 1-10)**

85. PLAINTIFF re-alleges the information set forth in the preceding paragraphs and incorporates it into this cause of action as if it were fully alleged herein.

86. The actions of DEFENDANT OFFICERS JAMES,. A. HERNANDEZ and DOES 1-10 toward PLAINTIFF were negligent and reckless, including, but not limited to:

a. The failure to properly and adequately assess the need to detain, arrest, and use force against PLAINTIFF;

b. The failure to monitor and record any use of force by the CITY OF MONTCLAIR and REED, including DEFENDANT OFFICERS JAMES, A. HERNANDEZ and DOES 1-10;

c. The failure to monitor and record any injuries specifically caused by the use of force by the CITY OF MONTCLAIR and REED, including DEFENDANT OFFICERS JAMES, A. HERNANDEZ and DOES 1-10;

d. The negligent tactics and handling of the situation with PLAINTIFF;

e. The negligent detention, arrest, and use of force against PLAINTIFF including, but not limited to: grabbing PLAINTIFF without justification; yanking him off his bicycle; slamming him to

V. James DeSimone Law
4052 Del Rey Ave, Unit 102
Marina Del Rey, California 90292

V. JAMES DESIMONE LAW
4052 DEL REY AVE, UNIT 102
MARINA DEL REY, CALIFORNIA 90292

the ground; punching him in the head; causing his head to slam into a concrete curb; tasing him twice, including once when he was already on the ground and restrained; and failing to provide immediate and appropriate medical care for his severe head injuries, seizures and traumatic brain injury;

f. The failure to properly train and supervise employees, including DEFENDANT OFFICERS JAMES, A. HERNANDEZ and DOES 1-10;

g. The failure to ensure that adequate numbers of employees with appropriate education and training were available to meet the needs of and protect the rights of PLAINTIFF;

h. The failure to provide prompt and appropriate medical care to PLAINTIFF after inflicting severe head trauma and life-threatening injuries; and

i. The negligent handling of evidence and witnesses.

87. As a direct and proximate result of DEFENDANTS' conduct as alleged above, and other undiscovered negligent conduct, PLAINTIFF was caused to suffer severe pain and suffering, both physically and emotionally, including intracranial hemorrhage, subarachnoid hemorrhage, subdural hematoma, skull fracture, concussion, forehead contusion, taser injuries, tachycardia, ongoing headaches, dizziness, short-term memory loss, seizures, and traumatic brain injury with lasting effects.

88. In addition, at the aforementioned date, time and place, DEFENDANT OFFICERS JAMES, A. HERNANDEZ and DOES 1-10 negligently, carelessly and without reasonable care, touched, punched, slammed, and violently battered PLAINTIFF.

///

///

89. DEFENDANT CITY OF MONTCLAIR and REED are vicariously liable for the wrongful acts of DEFENDANT OFFICERS pursuant to § 815.2(a) of the California Government Code, which provides that a public entity is liable for the injuries caused by its employees within the scope of the employment if the employee's act would subject him or her to liability.

90. The aforementioned acts and omissions of DEFENDANT OFFICERS JAMES, A. HERNANDEZ and DOES 1-10 were committed by them knowingly, willfully and maliciously, with the intent to harm, injure, vex, harass and oppress PLAINTIFF, with conscious disregard to his known rights and deliberate indifference to the risk of injury to PLAINTIFF. By reason thereof, PLAINTIFF seeks punitive and exemplary damages from DEFENDANTS, and each of them, (except DEFENDANT CITY OF MONTCLAIR) in an amount as proved.

91. DEFENDANT CITY OF MONTCLAIR, REED knew or reasonably should have known that DEFENDANT OFFICERS JAMES, A. HERNANDEZ and DOES 1-10 would engage in such violent misconduct against PLAINTIFF, during the course and scope of their employment, and that, as a direct and proximate result of those violations, PLAINTIFF would suffer injuries as alleged herein.

92. DEFENDANTS had the authority to supervise, prohibit, control, and/or regulate DEFENDANT OFFICERS JAMES, A. HERNANDEZ and DOES 1-10 so as to prevent these acts and omissions from occurring.

93. DEFENDANTS failed to exercise due care by hiring, retaining and failing to supervise, prohibit, control or regulate DEFENDANT OFFICERS JAMES, A. HERNANDEZ and DOES 1-10. As a direct and proximate result of DEFENDANTS' negligent hiring, retention and supervision, control and regulation of DEFENDANT OFFICERS JAMES, A. HERNANDEZ and DOES 1-10, PLAINTIFF has suffered and continues to suffer injuries entitling him to damages in amounts to be proven at trial.

///

V. JAMES DESIMONE LAW
4052 DEL REY AVE, UNIT 102
MARINA DEL REY, CALIFORNIA 90292

94. By the aforesaid acts and omissions of DEFENDANTS, and each of them, PLAINTIFF has been directly and legally caused to suffer actual damages including, but not limited to, extreme pain and suffering both with regards to physical and mental suffering.

95. As a further direct and legal result of the acts and conduct of DEFENDANTS, and each of them, as aforesaid, PLAINTIFF has been caused to and did suffer and continues to suffer severe emotional and mental distress, anguish, humiliation, embarrassment, fright, shock, pain, discomfort, anxiety, psychological harm, physical pain and suffering. The exact nature and extent of said injuries is presently unknown to PLAINTIFF. PLAINTIFF does not know at this time the exact duration or permanence of said injuries but is informed and believes and thereon alleges that some, if not all, of the injuries are reasonably certain to be permanent in character.

96. As a result of their conduct, DEFENDANTS are liable for PLAINTIFF's injuries, either because they were integral participants in the assault and battery, or because they failed to intervene to prevent these violations, or under the doctrine of respondeat superior.

97. PLAINTIFF is informed and believes, and thereon alleges, that the DEFENDANTS, and each of them, by engaging in the aforementioned acts and/or in authorizing and/or ratifying such acts, engaged in willful, malicious, intentional, oppressive and despicable conduct, and acted with willful and conscious disregard of the rights, welfare and safety of PLAINTIFF, thereby justifying the award of punitive and exemplary damages in an amount to be determined at trial.

98. PLAINTIFF is seeking all damages under this claim.

///

///

///

V. James DeSimone Law
4052 Del Rey Ave, Unit 102
Marina Del Rey, California 90292

V. JAMES DESIMONE LAW
4052 DEL REY AVE, UNIT 102
MARINA DEL REY, CALIFORNIA 90292

**SIXTH CAUSE OF ACTION**

**Violation of Bane Civil Rights Act (Civil Code § 52.1)**

**(Against City of Montclair, Reed, James, A. Hernandez and Does 1-10)**

99. PLAINTIFF re-alleges the information set forth in the preceding paragraphs and incorporates it into this cause of action as if it were fully alleged herein.

100. As alleged herein, DEFENDANT OFFICERS JAMES, A. HERNANDEZ, DOES 1-10, CITY OF MONTCLAIR and REED interfered by threats, intimidation, or coercion with PLAINTIFF's rights under state and federal laws and under the state and federal Constitution including, without limitation, the right to be free from excessive force, the right to due process, and the right to bodily integrity and protection from bodily harm, including his rights under Civil Code § 43, Penal Code §§ 149, 240, and 242, and his rights under the First, Fourth and Fourteenth Amendments to the United States Constitution and his rights under Article 1, Sections 1, 7 and/or 13 of the California Constitution.

101. DEFENDANTS' conduct caused PLAINTIFF extreme pain and suffering both with regards to physical and mental suffering, including life-threatening traumatic brain injury, intracranial hemorrhage, subarachnoid hemorrhage, subdural hematoma, skull fracture, concussion, forehead contusion, taser injuries to his back, tachycardia, ongoing headaches, dizziness, short-term memory loss, anxiety, depression, and fear.

102. DEFENDANT CITY OF MONTCLAIR and REED are vicariously liable for the wrongful acts of DEFENDANT OFFICERS pursuant to § 815.2(a) of the California Government Code, which provides that a public entity is liable for the injuries caused by its employees within the scope of the employment if the employee's act would subject him or her to liability.

///

///

V. JAMES DESIMONE LAW
4052 DEL REY AVE, UNIT 102
MARINA DEL REY, CALIFORNIA 90292

103. As a result of their conduct, DEFENDANTS are liable for PLAINTIFF's injuries, either because they were integral participants in the misconduct, or because they failed to intervene to prevent these violations, or under the doctrine of respondeat superior.

104. As a direct and legal result of DEFENDANTS' acts and omissions, PLAINTIFF suffered damages, including, without limitation, pain and suffering, physical injuries and sickness, emotional distress, psychological injury, medical expenses, attorneys' fees, and costs of suit.

105. PLAINTIFF is informed and believes, and thereon alleges, that the acts of the individual DEFENDANT OFFICERS were willful, malicious, intentional, oppressive, reckless and/or were done in willful and conscious disregard of the rights, welfare, and safety of PLAINTIFF, thereby justifying the awarding of punitive and exemplary damages in an amount to be determined at time of trial.

106. PLAINTIFF brings this claim seeking all damages under state law. PLAINTIFF also seeks reasonable attorneys' fees under this claim.

///

///

///

V. JAMES DESIMONE LAW
4052 DEL REY AVE, UNIT 102
MARINA DEL REY, CALIFORNIA 90292

## SEVENTH CAUSE OF ACTION

**Intentional Infliction of Emotional Distress**

**(Against City of Montclair, Reed, James, A. Hernandez and Does 1-10)**

107. PLAINTIFF re-alleges the information set forth in the preceding paragraphs and incorporates it into this cause of action as if it were fully alleged herein.

108. DEFENDANT OFFICERS JAMES, A. HERNANDEZ and DOES 1-10's conduct as described above was extreme and outrageous and was done with the intent of causing PLAINTIFF to suffer emotional distress or with reckless disregard as to whether their conduct would cause him to suffer such distress.

109. The conduct of DEFENDANT OFFICERS JAMES, A. HERNANDEZ and DOES 1-10 included, but was not limited to: stopping PLAINTIFF for a de minimis alleged bike light violation; grabbing him; yanking him off his bicycle; slamming him to the ground; forcibly moving him into a sitting position on a curb; responding to his repeated questions about why he was being detained by punching him in the head; causing his head to slam into a concrete curb; tasing him while he was attempting to stand and crying out in pain; and tasing him a second time after he was already on the ground and restrained. This conduct inflicted life-threatening traumatic brain injury including intracranial hemorrhage, subarachnoid hemorrhage, subdural hematoma, and skull fracture upon PLAINTIFF.

110. DEFENDANT CITY OF MONTCLAIR and REED are vicariously liable for the wrongful acts of DEFENDANT OFFICERS pursuant to § 815.2(a) of the California Government Code, which provides that a public entity is liable for the injuries caused by its employees within the scope of the employment if the employee's act would subject him or her to liability.

///

///

111. By the aforesaid acts and omissions of DEFENDANT OFFICERS JAMES, A. HERNANDEZ and DOES 1-10, and each of them, PLAINTIFF has been directly and legally caused to suffer actual damages including, but not limited to, extreme pain and suffering both with regards to physical and mental suffering.

112. As a further direct and legal result of the acts and conduct of DEFENDANTS, and each of them, as aforesaid, PLAINTIFF has been caused to and did suffer and continues to suffer physical pain and injury, severe emotional and mental distress, anguish, humiliation, embarrassment, fright, shock, pain, discomfort, anxiety, physical pain and suffering. The exact nature and extent of said injuries is presently unknown to PLAINTIFF. PLAINTIFF does not know at this time the exact duration or permanence of said injuries but is informed and believes, and thereon alleges, that some, if not all, of the injuries are reasonably certain to be permanent in character.

113. As a result of their conduct, DEFENDANTS are liable for PLAINTIFF's injuries, either because they were integral participants in the assault and battery, or because they failed to intervene to prevent these violations, or under the doctrine of respondeat superior.

114. PLAINTIFF is informed and believes, and thereon alleges, that the DEFENDANTS, and each of them, by engaging in the aforementioned acts and/or in authorizing and/or ratifying such acts, engaged in willful, malicious, intentional, oppressive and despicable conduct, and acted with willful and conscious disregard of the rights, welfare, and safety of PLAINTIFF, thereby justifying the award of punitive and exemplary damages in an amount to be determined at trial.

115. PLAINTIFF brings this claim seeking all damages under state law.

///

///

///

V. JAMES DESIMONE LAW
4052 DEL REY AVE, UNIT 102
MARINA DEL REY, CALIFORNIA 90292

V. JAMES DESIMONE LAW
4052 DEL REY AVE, UNIT 102
MARINA DEL REY, CALIFORNIA 90292

## PRAYER FOR RELIEF

**WHEREFORE**, PLAINTIFF prays for judgment against DEFENDANTS and each of them, as follows:

1. For general economic and non-economic damages according to proof;
2. For special damages according to proof;
3. For punitive damages where allowed by law;
4. For equitable relief;
5. For pre-judgment and post-judgement interest at the legal rate;
6. For costs of suit incurred herein;
7. For attorney's fees as allowed by law;
8. For civil penalties as allowed by law, including statutory damages and treble damages pursuant to Civil Code § 52.1;
9. For such other and further relief as this Court deems just and proper, and appropriate.

Date: February 27th, 2026

**V. JAMES DESIMONE LAW**

By: ______________________

V. JAMES DESIMONE, ESQ.
CARMEN D. SABATER, ESQ.
EMMA LINGEL-GARY, ESQ.

Attorneys for Plaintiff, ERADIO HERNANDEZ, a disabled adult, by and through his Guardian ad litem CLARISSA ELIZABETH HERNANDEZ

V. JAMES DESIMONE LAW
4052 DEL REY AVE, UNIT 102
MARINA DEL REY, CALIFORNIA 90292

**DEMAND FOR JURY TRIAL**

PLAINTIFF ERADIO HERNANDEZ, by and through his Guardian ad litem CLARISSA ELIZABETH HERNANDEZ, hereby demands a trial by jury on all claims.

Date: February 27th, 2026

**V. JAMES DESIMONE LAW**

By: ______________________

V. JAMES DESIMONE, ESQ.
CARMEN D. SABATER, ESQ.
EMMA LINGEL-GARY, ESQ.

Attorneys for Plaintiff, ERADIO HERNANDEZ, a disabled adult, by and through his Guardian ad litem CLARISSA ELIZABETH HERNANDEZ